### WILLIAM R. ARNOLD and others *v.* JOSEPH F. ARNOLD and Wife.

A bill in equity is multifarious when the complainant claims several matters of different natures by the same bill, but it is not multifarious when one general right only is claimed, although the respondents may have separate and distinct interests; provided that they have an interest in part in the matters upon the basis of which said right is claimed.

A complainant cannot join in his bill matters of different natures, although they arise out of the same transaction, but matters homogeneous in their character may be so joined. A complainant may claim the same thing under different titles in the same bill, and the statement of those titles will not render the bill multifarious.

To support the objection of multifariousness for different causes of suit alleged against the same person, it is necessary, *first,* that the different grounds of suit be wholly distinct, and, *secondly,* that each ground be sufficient, as stated, to sustain the bill If the causes of action arise out of the same transaction or series of transactions, forming one course of dealing and tending to one end, the objection does not apply, and a bill is not multifarious when it does not pray for multifarious relief, although the case stated in the bill might support such a prayer.

DEMURRER to a bill in equity, to compel a reconveyance by the respondents of certain real estate in Warwick, R. I. The bill alleged that the respondents' title to said real estate rested upon a deed obtained from the mother of the complainants by

fraud and duress, and further, that the said respondent, Joseph F. Arnold, had received the same as a trust for certain purposes, none of which he had ever fulfilled, but had conveyed the same to his wife as though it were his own property.

To this bill the respondents demurred, on the ground of its multifariousness, by combining several distinct causes of action, in some of which the respondents were not interested, and all of which required distinct and independent modes of relief.

*Payne and Hart, for the respondents*, in support of the demurrer, contended that the bill was multifarious, as alleging three distinct and inconsistent grounds of relief, viz. : 1st, misrepresentation ; 2d, duress ; 3d, trust.

*Bradley and Congdon, for the complainants, contra*, cited Story's Eq. Juris. § 271, a. and b.

Brayton, C. J.     The demurrer to this bill is made by the defendant to rest on the ground that it is multifarious, in that it alleges three distinct grounds for relief, viz. : false representation, duress, and trust.

1 Daniell's Ch. Prac. 342, 343, (3d Am. edition,) says a bill is multifarious when two or more subjects are embraced in the same suit ; and " when a party is able to say that he is brought as a defendant upon a record with a large portion of which, and of the case made by which, he has no connection whatever," he has a right to insist that he is not bound to answer, and when a defendant is called to answer several distinct and separate matters relating to individuals with whom he has no concern ; and the example given is a bill to set aside several leases made to different parties at different times.

In order to determine if a bill is multifarious, or if, in other words, it contains distinct matters, the inquiry is, whether relief is sought in respect of matters which in their nature are separate and distinct.

And, according to Lord Cottenham, it is utterly impossible to lay down any rule or abstract proposition of what constitutes multifariousness which can be made universally applicable.     If the object of the suit is single, but it happens that different persons have separate interests in distinct questions which arise out of a

single object, the different persons may be brought before the court, that the suit may conclude the whole subject.

And a bill is not multifarious where one general right is claimed by the plaintiff, though the defendant may have separate and distinct interests. *Dimmock* v. *Bixby*, 20 Pick. 368.

And the objection on account of multifariousness will apply only where the plaintiff claims several matters of different natures by the same bill. And a demurrer will not hold where one general right only is claimed, though the defendant's interests be distinct, if they have an interest or part in that right. Story's Eq. Jur. § 278; Dan. Ch. Prac. 392.

The persons joined as defendants have interest in the matter of this suit, and in the suit, and in all the questions raised by it, and it is not demurrable on that ground.

In *Attorney General* v. *Goldsmith Co.* 5 Sm. 670, the Vice Chancellor said: There is a rule arising out of the constant practice of the court, that it is not competent, where A. is sole plaintiff and B. sole defendant, for A. to include in his bill all sorts of matters wherein they may be concerned; Dan. Ch. Prac. 393; Story's Eq. Jur. § 280; as in the instance given of a bill to foreclose one mortgage and to redeem another.

The plaintiff cannot join in his bill matters of different nature, although arising out of the same transaction; but if the matters be homogeneous in their character, they do not make the bill multifarious. Story's Eq. Plead. §§ 531, 532, 533; Dan. Ch. Prac. 395. And here the instance is given, that a plaintiff may claim the same thing under different titles in the same bill, and the statement of those titles will not render the bill multifarious.

" Where there is a common liability and a common interest, the common liability of the defendant and the common interest of the plaintiff and different grounds united in the same record, the cases are consistent with the doctrine that they may be united." *Owen* v. *Nodin*, 13 Price, 478. There were three grounds of relief, the subject matter of the suit being for tithes. The first ground was the statute 37, Hen. VIII.; the second, a statute passed in 1535, confirmed by 37 Hen, VIII.; the

third was ancient usage. It was held not to be multifarious on that account.

Story's Eq. Plead. § 271, b. To support the objection of multifariousness for different causes of suit against the same person two things are necessary : first, that the different grounds must be wholly distinct; secondly, that each ground must be sufficient as stated to sustain the bill. If they arise out of the same transaction, or series of transactions, forming one course of dealing, and all leading to one end, the objection does not apply. Here again, the inquiry is as to the subject, the matter of the plaintiff's claim. Is the matter claimed, single and distinct ; or if more than one, are they homogeneous, not differing in nature ? The inquiry does not seem to be as to the title upon which it is claimed, or whether by one or more.

In the case of *Dick* v. *Dick*, 1 Hogan, 290, it was held that a bill was not multifarious when it does not pray for multifarious relief, and to such a bill that objection cannot be made, though the case stated might support such a prayer.

In *Campbell* v. *Mackay*, 1 Myl. & C. 603, it was objected that the bill was multifarious, and it was said in reply to the objection, that " it is necessary to find some case where there is a common interest in the plaintiff and the defendant, representing and being interested in all the questions raised on the record, and the suit having a common object, a demurrer for multifariousness has been successful." It has not been found.

The bill in this case has but one object. The reconveyance of the estate by the defendants and the account incident. There is but one prayer for relief. The grounds suggested in the bill as grounds for the relief asked, all grow out of one transaction, the making and execution of one deed to the defendant, by which he now holds the estate from the plaintiff, giving all the circumstances under which that deed was executed, the representation made at the time, and the power used to obtain it. They are not several and distinct transactions, but a series.

If the several grounds suggested in the bill as grounds for the relief prayed, viz., the reconveyance of the estate conveyed, are to be treated as different causes of suit within the preceding

rule, and so the bill has not a common object, are those grounds as stated, and each of them as stated, sufficient to sustain the bill, or is there more than one so stated ?

The first, that of misrepresentation, is clearly not, as stated. The representation stated to have been made is not alleged to have been untrue, but, on the contrary, it is alleged that the deed was received by the defendant for the purposes represented and under a trust. The second ground is by the defendant here suggested to be insufficiently stated for the purpose of relief.

The remaining ground is that of trust, which, therefore, is the single ground remaining for the support of the bill ; and so in either view of the rule, this bill is single and not multifarious.

*Demurrer overruled.*